**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WANDA FAYE SAID,** | ) | **CASE NO. 1:25CV220** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **COMMISSIONER OF** | ) | **OPINION AND ORDER** |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court on Plaintiff's Objections (ECF #17) to the

Magistrate Judge's Report and Recommendation (ECF #16) which recommends the Court affirm

the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits ("DIB").

For the following reasons, the Court ADOPTS the Report and Recommendation and AFFIRMS

the Commissioner's decision.

**Background Facts**

The following is a procedural synopsis of Plaintiff's claim.  The Magistrate Judge's

Report and Recommendation provides a more complete and detailed discussion of the

facts.  For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report

and Recommendation which refers to the original Complaint and incorporates all documents in

relation to Plaintiff's claims.

On February 5, 2025, Plaintiff filed her Complaint appealing the final administrative

decision of the Commissioner of Social Security's denying her application for disability benefits. Plaintiff applied for DIB on April 27, 2022, claiming a disability that began on April 1, 2020. She claims depression, anxiety, degenerative disc disease, chronic obstructive pulmonary disease ("COPD"), right rotator cuff tear repair surgery, left rotator cuff tear, sleep apnea, high cholesterol and high blood pressure.  On December 19, 2023, the Administrative Law Judge determined Plaintiff was not disabled and on August 24, 2023, the Appeals Council denied Plaintiff's request for review rendering the determination final.

In the Magistrate Judge's Report and Recommendation he recommends the Court affirm the denial of Plaintiff's DIB.  In doing so, the Magistrate Judge reviewed the ALJ's findings regarding the five steps under 20 C.F.R. § 404.1520 the ALJ must consider in order to determine whether a claimant is disabled.

At Step One the ALJ determined Plaintiff's work after her claimed disability date was not substantial gainful activity.

At Step Two the ALJ identified several of Plaintiff's conditions as severe impairments. Notably, the ALJ did not find Plaintiff's obesity was a severe impairment.

At Step Three the ALJ found Plaintiff did not meet or have a medically equal  impairment of those listed in 20 CFR Part 404 Subpart P, Appendix 1.

At Step Four the ALJ determined Plaintiff's residual functional capacity ("RFC")  to be:

> able to perform light work as defined in 20 C.F.R. § 404.1567(b) except: She can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can frequently balance, stoop, kneel, and crouch. She can frequently reach frontally, laterally, and overhead bilaterally. She should avoid jobs that require frequent exposure to respiratory irritants. She must avoid all exposure to work in unprotected heights and operating dangerous machinery such

as power saws and jackhammers. She can understand, remember, and apply information to complete simple instructions in a routine work environment and maintain concentration, persistence, and pace for work tasks that are routine in nature and do not require hourly production quotas. She can interact with the general public, coworkers, and supervisors for work related tasks and purposes such as asking questions, clarifying instructions, gathering information, helping others, and using hand gestures.

The ALJ then determined Plaintiff could not perform her past relevant work experience.

Finally, at Step Five the ALJ found Plaintiff could perform other work in the economy including routing clerk, marker and collator operator, resulting in the ALJ's conclusion that Plaintiff is not disabled.

In her Complaint, Plaintiff alleges the ALJ erred in evaluating her obesity when the ALJ concluded it was not a severe impairment as a result of the ALJ's use of an incorrect standard at Step Two that her obesity must "cause another impairment or combination of impairments to rise to the listing-level severity."

According to Plaintiff, the ALJ's error continued in her analysis of Step Four when the ALJ failed to evaluate the impact her obesity has on her ability to work and used another improper standard "that her obesity must cause her to be totally and permanently disabled."  This resulted in the ALJ erroneously concluding Plaintiff could work at a range of light work when a proper analysis would have resulted in her being determined to be limited to sedentary work and consequently, disabled.

In addressing these arguments the Commissioner responded that the ALJ was not required to separately explain how Plaintiff's obesity affected her ability to work.  It was sufficient that the ALJ relied on expert reports that considered her obesity and, in reliance on those reports, determined she could work at a reduced range of light work.

3

The Magistrate Judge noted that even if the ALJ's analysis of Plaintiff's obesity and its impact was inadequate, it was Plaintiff's burden to show how her obesity alone or in combination with her other impairments, limited her functioning to a degree inconsistent with the RFC. Because Plaintiff only argued that had the ALJ properly analyzed her obesity he may have limited her to sedentary work, Plaintiff failed to meet her burden because she did not show how her functioning is limited to the sedentary level.  Thus, the Magistrate Judge recommends her argument fails to warrant remand.

Next, Plaintiff argues that the ALJ erred at Step Four by not engaging in a meaningful analysis of the supportability of Dr. Faust's opinion, nor did the ALJ discuss its consistency.  The Commissioner in opposition notes that the ALJ did discuss its supportability, calling the report "vague" and a "one-time examination."  In addition, the ALJ also addressed Dr. Faust's consistency by discussing subsequent mental-status examinations that differed from Dr. Faust's conclusions and were discussed in greater depth prior to the ALJ's discussion of Dr. Faust's conclusions.

After a lengthy recitation of Dr. Faust's opinion, the Magistrate Judge recommends the Court find the ALJ engaged in the appropriate analysis of his opinions.  The ALJ's finding that Dr. Faust's opinions were vague, imprecise and not quantified demonstrate the ALJ found his opinions unsupportable as each of his three opinions included vague adjectives or expressed uncertainty in his conclusions.  The ALJ pointed to Dr. Faust's conclusions that Plaintiff possessed "mild deficits" in following instructions, "can be expected to struggle" with attention and "may impact her ability to respond to work pressures."

Additionally, the ALJ noted Dr Faust's opinion was based on a "one-time examination."

This relates to supportability as well as the extent of the medical evidence he relied on treating Plaintiff.

While not expressly discussing "consistency," the ALJ's opinion clearly considered the same. According to the Magistrate Judge, the ALJ wrote about "recent mental status examinations all show stability and non-disabling symptoms," which indicates Dr. Faust's opinion is not consistent with the subsequent evaluations. These included examinations in March, April, June and August of 2023, all of which showed Plaintiff's condition was "unchanged" and "stable." The ALJ expressly held that all the mental health treatment records support the RFC.

Plaintiff contends these are post hoc explanations. However, the Magistrate Judge recommends the Court find the ALJ's opinion that Dr. Faust's opinions were inconsistent with other evidence in the record was based on substantial evidence and complied with the regulatory analysis.

As a result, the Magistrate Judge recommends the Court find Plaintiff's arguments unavailing and further recommends the Court should affirm the ALJ's decision denying Plaintiff disability benefits.

**LAW AND ANALYSIS**

**Standard of Review**

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b), which requires a de novo decision as to those portions of the report and recommendation to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been

5

presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327

F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("[t]he district judge

must determine de novo any part of the magistrate judge's disposition that has been properly

objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall

specifically identify the portions of the proposed findings, recommendations, or report to which

objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal

standards and whether there is "substantial evidence" in the record as a whole to support the

decision.  42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir.

2010).  "Substantial evidence is less than a preponderance but more than a scintilla; it refers to

relevant evidence that a reasonable mind might accept as adequate to support a conclusion."

*Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of

Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions

of credibility.  *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass

v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  Nor need the reviewing court necessarily agree

with the Commissioner's determination in order to affirm it.  "Even if [the] Court might have

reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as

it is supported by substantial evidence."  *Kyle*, 609 F.3d at 854-55.  This is true even if

substantial evidence also supports the claimant's position.  See *McClanahan v. Comm'r of Soc.

Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Even when there is substantial evidence however, "'a decision of the Commissioner will

not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).  Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'"  *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011).

Since March 27, 2017, the Social Security Administration regulations have provided that the Commissioner will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [] medical sources."  20 C.F.R.  § 404.1520c(a).  Rather, the Commissioner will consider "how persuasive" the medical opinion is.  20 C.F.R. § 404.1520c(b).

In determining the persuasiveness of a medical opinion, the ALJ considers five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, and examining relationship, (4) specialization and (5) other factors that tend to support or contradict a medical opinion.  20 C.F.R. § 404.1520c(c)(1)-(5).  The most important factors the ALJ must consider are supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."  20 C.F.R. § 404.1520c(c)(1).  Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources

and nonmedical sources in the claim, the more persuasive the medical opinion(s). . . ."  20 C.F.R.

§ 404.1520c(c)(2).

The ALJ is required to "explain how [he/she] considered the supportability and

consistency factors for a medical source's medical opinions" in the written decision.  20 C.F.R.

§ 404.1520c(b)(2).  Conversely, the ALJ "may, but [is] not required to, explain" how he/she

considered the relationship, specialization, and other factors set forth in paragraphs (c)(3)

through (c)(5) of the regulation.  *Id*.

The claimant bears the burden of proving that she is disabled within the meaning of the

Social Security Act (20 C.F.R. 404.1512 and 416.912).

"Disability" is defined as the inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment or combination of

impairments that can be expected to result in death or that has lasted or can be expected to last

for a continuous period of not less than 12 months.

The Social Security Administration bears a limited burden of proof, known as the burden

of going forward.  The Social Security Administration must support a finding that a claimant is

able to perform other work with evidence of such work, i.e., with evidence showing that jobs

exist in significant numbers in the national economy that an individual of the claimant's age,

education, work experience, and residual functional capacity could perform (20 C.F.R. 404.1512,

404.1560(c), 416.912, and 416.960(c)).

A claimant's "residual functional capacity" is her ability to perform physical and mental

work activities on a regular and ongoing full-time basis, considering the combined and

cumulative effects of all medically determinable impairments, as reasonably established by the

evidence (SSR 96-8p).

**<u>Plaintiff's Objections to the Magistrate Judge's Report and Recommendation</u>**

Plaintiff objects that Magistrate Judge failed to consider the limiting effects of Plaintiff's obesity on her RFC. She further objects to the Magistrate Judge's conclusion that even if the ALJ failed to consider her obesity it was harmless error because Plaintiff failed to meet her burden to show how her obesity limited her functioning that is inconsistent with the RFC. According to Plaintiff, the ALJ's error is not harmless because the failure to find the impairment severe tainted the remaining steps in the ALJ's disability analysis.

Plaintiff contends the Magistrate Judge erroneously concluded that Plaintiff failed to meet her burden to show how her obesity limits her to sedentary work. In fact, Plaintiff cited to numerous evidentiary sources in the record to establish her physical limitations, including evidence of an antalgic gait with intermittent bilateral leg weakness and anterolisthesis at L5-S1 that was likely degenerative. She also pointed to physical therapy records which indicated an antalgic gait with decreased left stance time, a slow gait reduced trunk rotation and decreased arm swing.

Plaintiff's obesity is labeled "super-obesity" based on her BMI. When considered in conjunction with her degenerative disc disease, arthritis from a right rotator cuff repair and left rotator cuff tear, which the ALJ determined were "severe" impairments and were medically determinable, Plaintiff contends she has met her burden to show how her obesity limits her to sedentary work.

Plaintiff points the Court to SSR-19-2p, which explains that the combined effects of obesity with another impairment may in fact be greater than the impairments when considered

separately.  It provides the example that someone with arthritis may experience greater pain and less mobility due to the added weight on the affected joints than the impairments caused by the arthritis itself.  The Magistrate Judge recognizes this yet failed to recommend remand which is the proper course.  In addition, Plaintiff pointed to APRN Onyeukwu's notes showing Plaintiff suffered from increased pain and decreased functionality due to her obesity.

If the ALJ had properly evaluated the effect Plaintiff's obesity had in conjunction with her other impairments, the ALJ would have concluded that she was limited to sedentary work or at least the matter should be remanded for the ALJ to properly consider the above listed effects her obesity has on her other severe impairments.  Also,  by failing to find the impairment severe, it tainted Step Two of the process, which then tainted the remaining steps, which necessarily means the agency failed to meet its burden of proof.

Plaintiff's second objection concerns the Magistrate Judge's Recommendation that the ALJ properly evaluated the opinion of Dr. Faust,  an agency appointed consultative examiner. While acknowledging that the ALJ did not expressly discuss the consistency factor, the Magistrate Judge held that the ALJ in fact did consider the consistency factor when reading the summary as a whole.  Plaintiff alleges the Magistrate Judge crossed the line from looking for supporting explanations in other places of the ALJ's opinion to improperly searching the record to support conclusions that were never made in the ALJ's opinion.  Despite the Magistrate Judge recognizing that he cannot rewrite the ALJ's reasoning, nor offer a post hoc explanation for a vague determination by an ALJ, that is exactly what the Magistrate Judge is recommending this Court do.

According to Plaintiff, the ALJ never made the determination that Dr. Faust's opinion is

inconsistent with the most recent mental examinations.  Here, because the ALJ failed to follow agency guidelines by evaluating the evidence for consistency, the matter must be remanded even if the Court finds the ALJ's conclusions are supported by substantial evidence.

**Analysis**

Social Security Rule 19-2P covers "how we establish that a person has a medically determinable impairment of obesity and how we evaluate obesity in disability claims under Title II and XVI of [the Act]."  SSR 19-2P, 2019 WL 2374244 (May 20, 2019).  The Rule directs ALJs to "consider the limiting effects of obesity when assessing a person's RFC."  *Id.* at *4.  It further notes that "the combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately" and requires ALJs to "explain how [they] reached [their] conclusion on whether obesity causes any limitations."  *Id.*  "Where a plaintiff disagrees that the analysis of obesity is adequate, [she] must further meet the 'burden of showing specifically how [her] obesity, in combination with other impairments, limited [her] ability to a degree inconsistent with the ALJ's RFC.' "  *Whitener v. Kijakazi,* No. 23-CV-01126-TMP, 2023 WL 8806162, at *8 (W.D. Tenn. Dec. 20, 2023). (quoting *Lumpkin v. Comm'r of Soc. Sec.,* No. 1:20-CV-01849-DAP, 2021 WL 5828692, at *7 (N.D. Ohio Oct. 6, 2021)).

In finding Plaintiff had the residual functional capacity to perform light work, the ALJ relied on the medical evidence showing Plaintiff could occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds.  While she cannot climb ladders, ropes or scaffolds she can occasionally climb ramps and stairs.  The ALJ, in conducting her five step analysis noted:

Pursuant to SSR 19-2p, obesity is not a listed impairment. However, the

11

functional limitations caused by the MDI of obesity, alone or in combination with another impairment(s), may medically equal a listing. Moreover, obesity may or may not increase the severity of functional limitations of other impairments. Upon review of the facts of this case, the claimant's obesity does not cause another impairment or combination of impairments to rise to listing-level severity. The undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity.

(ECF #9 pgID 55).

Thus, the ALJ clearly understood her analysis included the effect of Plaintiff's obesity on her RFC assessment and concluded that:

No treating or examining physician has indicated findings that would satisfy the severity requirements of any listed impairment. The record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment and no acceptable medical source designated to make equivalency findings has concluded that the claimant's impairment(s) medically equal a listed impairment. In reaching the conclusion that the claimant does not have an impairment or combination of impairments that meet or medically equal a listed impairment, the undersigned also considered the opinion of the State Agency medical consultants who evaluated this issue at the initial and reconsideration levels of the administrative review process and reached the same conclusion (20 CFR 404.1527(f) and Social Security Ruling 17-2p).

(*Id* at pgID 55).

After reviewing her x-ray results and the assessments of three physicians the ALJ found:

All of the records above regarding the claimant's treatment for her back pain, COPD, shoulder pain, and sleep apnea help to support the limitation to the light level of exertion and are the primary reason why the claimant can never use ladders, ropes, or scaffolds, occasionally climb ramps and stairs, frequently balance, stoop, kneel, and crouch, frequently reach front, laterally, and overhead bilaterally, and is also restricted from hazards such as unprotected heights, operating dangerous machinery, and respiratory irritants. Musculoskeletal findings do not support her allegations of disability. She has venous reflux in her left leg, and she is morbidly obese which likely contributes significantly to her back pain and exacerbates her venous insufficiency symptoms. These restrictions are indicated by the findings regarding claimant's low back pain, dizziness, mild

arthritis of left shoulder, right rotator cuff surgery, and asthma.

(*Id* at pg ID 61).

Thus, a review of the ALJ's opinion indicates the ALJ did in fact consider Plaintiff's obesity and its effects on her other listed impairments yet still concluded the medical evidence did not support a determination of disability.

However, as the Magistrate Judge pointed out, it is the Plaintiff's burden to show how her obesity impacted her functioning to the sedentary level.  Because Plaintiff only proffered that her obesity may have limited her to the sedentary level, she failed to show how her functioning is limited to the sedentary level.  Plaintiff does point the Court to evidence in the record demonstrating her obesity may cause increased pain and that her obesity affected her gait and functionality, but none of these describe a reduction of her functionality to the sedentary level.  In short, the Magistrate Judge recommends and the Court agrees, that the ALJ relied on substantial medical evidence, including the effects her obesity had on her level of function in reaching her RFC and nothing Plaintiff points to undermines that conclusion.

The Sixth Circuit in *Coldiron v. Comm'r of Soc. Sec.,* 391 F. App'x 435, 443 (6th Cir. 2010) held that the ALJ had properly considered the plaintiff's obesity despite not directly referencing it.  Instead, the Sixth Circuit found it was sufficient that the ALJ considered the discussion of plaintiff's obesity throughout his findings of fact and then fashioned the RFC in reliance on "physicians who explicitly considered Plaintiff's obesity.  That is exactly what the ALJ did here, which the Magistrate Judge recognized as does this Court.

Therefore, the Court finds Plaintiff's first objection lacks merit.

**Dr. Faust's Opinion and Consistency**

13

In crafting Plaintiff's RFC, the ALJ did not find persuasive Dr. Faust's opinion that Plaintiff would have limitations in carrying out instructions, maintaining pace, staying on-task, and persisting. (ECF # 9 at PageID 612-17).  Plaintiff objects to the Magistrate Judge's recommendation because he did not explain why Dr. Faust's opinion of Plaintiff's mental health was not consistent with or supported by other evidence in the record.  Because the ALJ never made the requisite analysis in rejecting Dr. Faust's opinions, Plaintiff argues the matter should be remanded to the ALJ for further exposition.

The Court agrees with the Magistrate Judge's analysis and the Court finds the ALJ properly considered and discounted Dr. Faust's conclusions.  Although the ALJ did not expressly hold Dr. Faust's opinions were unsupported or inconsistent with other evidence in the record, a cursory review supports the Magistrate Judge's recommendation. The ALJ held "the undersigned finds this opinion is not fully persuasive because it is a one-time examination.  Furthermore, Dr. Faust used vague, imprecise terminology and he did not properly quantify, and recent mental status examinations all show stability and non-disabling symptoms."  (ECF # 9 pgID #63). Moreover, the ALJ held "the undersigned notes that no State agency psychological consultant concluded that a mental listing is medically equaled." (*Id* pgID 57).

The ALJ considered State Agency psychological consultant reviews and held:

> Courtney Zeune, Psy.D., a State Agency psychological consultant, reviewed the claimant's case file on September 24, 2022. She found the claimant is able to remember simple 1-3 step instructions. She can carry out simple tasks, maintain attention, make simple decisions, and adequately adhere to a schedule. Her ability to deal with supervisors, co-workers, and the public would be reduced and adequate to hand (sic) only brief, infrequent, superficial contact. She can adapt and manage herself in a structured and predictable work setting, where changes are minor and infrequent (Exhibit 2A). David Dietz, Ph.D., a State Agency psychological consultant, reviewed the claimant's case file on March 4, 2023 and

14

affirmed Dr. Zeune's opinion (Exhibit 4A).

These opinions concluding that Plaintiff did not suffer from disabling mental conditions, clearly differed from those of Dr. Faust.

In short, the ALJ considered the medical evidence and opinions and determined that Dr. Faust's conclusions were not supported by the evidence elsewhere in the record and were not consistent with those of the state agency psychological evaluators. As a result, the Magistrate Judge recommends and the Court agrees, that the ALJ properly considered and discounted Dr. Faust's opinions.

Therefore, for the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation and AFFIRMS the Commissioner's decision denying Plaintiff's application for disability insurance benefits.

**IT IS SO ORDERED.**

**DATE: 3/31/2026**                   **s/Christopher A. Boyko**
                                      **JUDGE CHRISTOPHER A. BOYKO**
                                      **UNITED STATES DISTRICT COURT**